1 | JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
2 | PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
3 | HANNA B. RAANAN (SBN 261014)
hraanan@jhindslaw.com
4 | LAW OFFICES OF JAMES ANDREW HINDS, JR.
21515 Hawthorne Blvd.
5 | Suite 1150
Torrance, California 90503
6 | Telephone: (310) 316-0500
Facsimile: (310) 792-5977
7 |
[Proposed] Attorneys for Aeolus Down Inc.
8 |
9 |                    **UNITED STATES BANKRUPTCY COURT**
10 |
                     **CENTRAL DISTRICT OF CALIFORNIA**
11 |
                        **RIVERSIDE DIVISION**
12 |
13 | In re                              )    CASE NO.  6:09-bk-22497 RN
14 |                                    )    (Chapter 11)
15 | AEOLUS DOWN INC.,                   )    **EX PARTE MOTION FOR ORDER**
                                        )    **EXTENDING TIME TO FILE**
16 |                                    )    **SCHEDULES OF ASSETS AND**
                                        )    **LIABILITIES, STATEMENT OF**
17 |           Debtor.                  )    **FINANCIAL AFFAIRS, AND RELATED**
                                        )    **REQUIRED DOCUMENTS;**
18 |                                    )    **DECLARATION IN SUPPORT**
                                        )    **THEREOF**
19 |                                    )
                                        )    [FEDERAL RULES OF BANKRUPTCY
20 |                                    )    PROCEDURE, RULE 1007(c) AND
                                        )    LOCAL RULE 1007-1]
21 | _____)
                                        )    [No Hearing Requested]
22 |
23 |
24 |         **TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY**

**JUDGE,  TO THE TWENTY LARGEST CREDITORS, AND TO THE OFFICE OF THE**
25 |
**UNITED STATES TRUSTEE:**
26 |
     / / /
27 |
     / / /
28 |
                                   1.
     _____
     EX PARTE MOTION FOR ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND
     LIABILITIES, STATEMENT OF FINANCIAL AFFAIRS, AND RELATED REQUIRED DOCUMENTS

**PLEASE TAKE NOTICE** that Aeolus Down Inc. (hereinafter referred to as the "Debtor") in the above-referenced bankruptcy case, respectfully represents as follows:

1.     On June 8, 2009 (hereinafter referred to as the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of Title 11 of the United States Code.  The petition was filed as an "emergency filing" without counsel and with minimal information about the Debtor's business.  (See docket Item # 1.)

2.     Aeolus Down Inc. is in the business of designing, and importing from abroad home textile products which are, in turn, sold to retail customers throughout the United States and abroad.  The Debtor has been profitable over the past six years and is one of the premier wholesalers of home textile products in the Country.  In 2008 the Debtor's gross sales exceeded $58 million.

3.     In conjunction with the further administration of this case under chapter 11 the Debtor retained the Law Offices of James Andrew Hinds, Jr. (hereinafter referred to as the "Law Firm") to act as its general bankruptcy counsel in this case.  The Law Firm has only been associated with this matter for a few days but the Law Firm has now determined that the Debtor requires at least two additional weeks, or through July 10, 2009, to complete and file its Schedules, Statement of Financial Affairs, and other required documents.  The Debtor would normally file its Schedules and Statement of Financial Affairs within fifteen (15) days of the filing of this chapter 11 case (by June 24, 2009).  The Debtor and its new counsel believe that filing complete Schedules and Statement of Financial Affairs in this case will be problematic because the case was filed as an "emergency filing" with any pre-planning and without counsel.  In addition, the Law Firm has to review extensive files related to the litigation claims of Shaoxing City Madong Co., Ltd. and Shui Yan Cheng and the pre-petition arbitration award and judgment and lien claims asserted by Shaoxing City Madong Co., Ltd. and Shui Yan Cheng.

4.     The emergency chapter 11 filing was necessitated by the actions of a Shaoxing City Madong Co., Ltd. and Shui Yan Cheng to collect on their pre-petition judgment.  The preservation of assets and the continuation of going concern asset value

2.

of the assets of the Estate mandated the emergency filing.  The further prosecution of this case under chapter 11 is also mandated by the desire to preserve assets value and deal fairly with the Judgement Creditors as well as the other creditors of the Estate.

5.    The Debtor is a viable company with substantial sales and committed vendors, salesmen, and retail customers.  In 2008 the Debtor's gross sales exceeded $58 million.  But for the judgment collection actions of Shaoxing City Madong Co., Ltd. and Shui Yan Cheng the Debtor would be extremely profitable.  Even with the judgment in favor of Shaoxing City Madong Co., Ltd. and Shui Yan Cheng the Debtor can reorganize its business and remain profitable.

6.    Part of the role of the Law Firm is to represent the Debtor before this Court and the Office of the United States Trustee and to assist the Debtor in the development of a viable Plan of Reorganization to confirm.  The Law Firm was retained by the Debtor (subject to the Court's approval of the Debtor's Application to Employ the Law Firm) on or about <u>June 15, 2009</u>, and requires some time to come up to speed on the issues in the case and to educate the Debtor on the unique requirements of the Bankruptcy Code, Rules, and the mandates of the Office of the United States Trustee.

7.    Due to these facts and circumstances and due to the extent of financial data that must be complied and reviewed in order to prepare the Schedules, Statement of Financial Affairs, and other required documents, the Debtor will not be able to complete the same within the fifteen days contemplated by the Rules.  For the forgoing reasons the Debtor requires additional time within which to accurately prepare and file its Schedules, Statement of Financial Affairs, and other required documents.

8.    Pursuant to Federal Rule of Bankruptcy Procedure 1007(c), this Court may extend the time for filing the Schedules, Statement of Financial Affairs, and other required documents on such notice as prescribed therein and for cause shown.   The Debtor respectfully alleges that cause exists for an extension of time for the reasons stated herein up to and including July 10, 2009, in which to file its Schedules, Statement of Financial Affairs, and other required documents.

3 .

9.      A copy of the Schedules, Statement of Financial Affairs, and other required documents will be served on the U.S. Trustee concurrently with their filing with the Clerk of the Court and all parties requesting special notice in this case.

**WHEREFORE,** the Debtor prays that this Court  enter an Order granting the Debtor the requested extension of time in which to file its Schedules, Statement of Financial Affairs, and other required documents up to and including July 10, 2009.

Dated:  June 17, 2009                    JAMES ANDREW HINDS, JR.
                                         PAUL R. SHANKMAN
                                         HANNA B. RANAAN
                                         LAW OFFICES OF JAMES ANDREW HINDS, JR.


                                         By:   ___/s/ James Andrew Hinds, Jr.____
                                                 JAMES ANDREW HINDS, JR.
                                                 [Proposed] Attorneys for Aeolus Down Inc.

4 .

**DECLARATION OF WEI DONG**

I, Wei Dong, declare and state as follows:

1.     I am now and have been the Chief Executive Officer of the Debtor in this case, Aeolus Down Inc. I make this declaration as a part of the Debtor's Ex Parte Motion For Order Extending to File Schedules Of Assets And Liabilities, Statement Of Financial Affairs, and Other Related Required Documents. The matters set forth hereinbelow are made of my own personal knowledge or have been obtained from my personal and business books and records of Aeolus Down Inc., which books and records are maintained in the ordinary course of the business affairs of Aeolus Down Inc. If called to testify in this action as to the matters set forth in this Declaration, I could and would testify competently thereto.

2.     Aeolus Down Inc. is in the business of designing, and importing from abroad home textile products which are, in turn, sold to retail customers throughout the United States and abroad. The Debtor has been profitable over the past six years and is one of the premier wholesalers of home textile products in the Country. In 2008 the Debtor's gross sales exceeded $58 million.

3.     On June 8, 2009 (hereinafter referred to as the "Petition Date"), Aeolus Down Inc. filed its voluntary petition under chapter 11 of Title 11 of the United States Code. The petition was filed as an "emergency filing" in order to stop Shaoxing City Madong Co., Ltd. and Shui Yan Cheng from collecting of a judgment obtained against the Debtor. Shaoxing City Madong Co., Ltd. and Shui Yan Cheng hold a Judgment against the Debtor arising out of a complex series of transactions going back to the formation of the Debtor. The amount of the Judgment held by Shaoxing City Madong Co., Ltd. and Shui Yan Cheng is $5.35 million.

4.     The Debtor filed this case "pro per" and without counsel. On or about June 15, 2009, the Debtor agreed to retain the Law Offices of James Andrew Hinds, Jr. (hereinafter referred to as the "Law Firm") to represent the Debtor before this Court and the Office of the United States Trustee and to assist the Debtor in the development of a

5.

1  viable Plan of Reorganization to confirm.  The Law Firm requires some time to come up

2  to speed on the issues in the case and to educate management of the Debtor on the

3  unique requirements of the Bankruptcy Code, Rules, and the mandates of the Office of

4  the United States Trustee.

5       5.      I am advised that pursuant to Federal Rule of Bankruptcy Procedure

6  1007(c) the Debtor has only fifteen (15) days after the filing of this case within which to

7  file Schedules of Assets and Liabilities and Statement of Financial Affairs.  I seriously

8  believe that given the limited resources and accounting assistance the Debtor will require

9  additional time to address these important tasks and to provide full and complete

10  information to the professionals at the Law Firm.

11       6.      Due to these facts and circumstances and due to the extent of financial

12  data that must be complied and reviewed by the Law Firm in order to prepare the

13  Schedules, Statement of Financial Affairs, and other required documents, I believe that

14  there is no way that the Debtor will be able to complete the same within the fifteen-days

15  contemplated by the Rules.  For the forgoing reasons the Debtor requires additional time

16  within which to accurately prepare and file its Schedules, Statement of Financial Affairs,

17  and other required documents.  I believe that the Schedules, Statement of Financial

18  Affairs, and other required documents can be pulled together by July 10, 2009.

19       7.      The Debtor has its initial meeting with the Office of the United States

20  Trustee set for June 30, 2009.  The Debtor has opened new DIP bank accounts and is in

21  the process of closing all of its pre-petition bank accounts.

22       8.      I respectfully assert that cause exists for an extension of time for the

23  reasons stated herein up to and including July 10, 2009, in which to file the Debtor's

24  Schedules, Statement of Financial Affairs, and other required documents.

25       9.      The Debtor is a viable company with substantial sales and committed

26  vendors, salesmen, and retail customers.  In 2008 the Debtor's gross sales exceeded

27  $58 million.  But for the judgment collection actions of Shaoxing City Madong Co., Ltd.

28  and Shui Yan Cheng the Debtor would be extremely profitable.  Even with the judgment

6 .

1 | favor of Shaoxing City Madong Co., Ltd. and Shui Yan Cheng the Debtor can reorganize
2 | its business and remain profitable.
3 |     10.    A copy of the Schedules, Statement of Financial Affairs, and other required
4 | documents will be served on the U.S. Trustee concurrently with their filing with the Clerk
5 | of the Court and served on any parties requesting special notice in this case.
6 |     11.    No prior request has been made of this Court for additional time to file the
7 | Schedules, Statement of Financial Affairs, and other required documents.
8 |
9 |     I declare under penalty of perjury and the laws of the United States of America that
10 | the foregoing is true and correct.
11 | Executed this 17th day of June 2009, at Chino, California.
12 |
13 |
14 | WEI DONG
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

7.

EX PARTE MOTION FOR ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND
LIABILITIES, STATEMENT OF FINANCIAL AFFAIRS, AND RELATED REQUIRED DOCUMENTS

| In re:<br>    AEOLUS DOWN INC.,<br><div align="right">Debtor(s).</div> | CHAPTER  11<br><br>CASE NUMBER 6:09-bk-22497 RN |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: LAW OFFICES OF JAMES ANDREW HINDS, JR., 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503

The foregoing document described  EX PARTE MOTION FOR ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENT OF FINANCIAL AFFAIRS, AND RELATED REQUIRED DOCUMENTS; DECLARATION IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 17 2009I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
Jhinds@jhindslaw.com
Pshankman@jhindslaw.com

<div align="right">☐  Service information continued on attached page</div>

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On June 17, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

<div align="right">X   Service information continued on attached page</div>

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

<div align="right">☐  Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 17, 2009        RODABA SADOZAI | /s/ RODABA SADOZAI |
| --- | --- |
| *Date*                *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                        **F 9013-3.1**

| In re:<br><br>   AEOLUS DOWN INC., | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER  6:09-bk-22497 RN |

Aeolus Down, Inc.
Attention: Wei Xu, President
14050 Norton Ave
Chino, CA, 91710-5461

The Hon. Richard Neiter
United States Bankruptcy Judge
255 E. Temple street, CTRM 1652
Los Angeles, CA 90012

James Andrew Hinds, Jr., Esq.
Paul R. Shankman, Esq.
Law Offices of James Andrew Hinds, Jr.
21515 Hawthorne Blvd., Suite 1150
Torrance, CA 90503

United States Trustee (RS)
3685 Main Street
Suite 300
Riverside, CA 92501

Zhejuang Liuqioa Feather Co. Ltd.
851 Datong Road
Xiaoshan District
Zhejiang, China 311201

Zhejiang Hengdi Bedding Co. Ltd.
851 Datong Road
Xiaoshan District
Zhejiang, China 311201

Shaoxing City Mailong Wuzhong Products Co., Ltd.
Shaixing County
Zhejiang, China 312069

Shui Yan Cheng
17798 Rowland Street
Suite A
City of Industry, CA 91748

Chang & Cote, LLP
19138 Walnut Drive
Suite 100
Rowland Heights, AC 91748

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          F 9013-3.1

| In re: AEOLUS DOWN INC., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:09-bk-22497 RN |

Law Offices of Gary Hollingworth
2920 Huntington Drive
Suite 218
San Marino, CA 91108

Majestic Management Co.
13191 Crossroads Parkway North
Sixth Floor
City of Industry, CA 91746

Sabic Innovative plastics
9930 Kincey Ave.
Huntsville, NC 28078

Golden Eagle
528 B Street
San Diego, CA 92101

The Manuel Woodworkers
P.O. Box 63204
Charlotte, NC 28163-3204

Card Center
P.O. Box 3038
Evansville, IN 47730-3038

Coast Brindge Logistic
337 Baldwin Park Blvd.
City of Industry, CA 91746

Law Offices of J.F. Lee
17800 Castleton Street
Suite 383
City of Industry, CA 91748

Grassi Associates, Inc.
296 Fifth Ave.
Suite 1602
New York N.Y.

De Well (LA) Container Shipping
17800 Castleton St.
Suite 630
City of industry, CA 91748

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | CHAPTER 11 |
|---|---|
| AEOLUS DOWN INC., | |
| Debtor(s). | CASE NUMBER 6:09-bk-22497 RN |

Anthem
P.O. ox 54630
Los Angeles, AC 90054-0630

Y&M Trucking Company
P.O. Box 615
Alhambra, CA 91802

Southern California Edison
P.O. Box 300
Rosemead, CA 91772-001

Internal Revenue Service
Centralized Insolvency Unit
11601 Roosevelt Blvd.
Mail Drop Point N781
P.O. Box 21126
Philadelphia, PA 19154

Securities Exchange Commission
5670 Wilshire Blvd.
11th Floor
Los Angeles, CA 90036

Employment Development Department
Bankruptcy Group MIC 92E
722 Capitol Mall
P.O. Box 826889
Sacramento, CA 94280

State of California Franchise Tax Board
3321 Power Inn Road
Suite 250
Sacramento, CA 95826

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                           **F 9013-3.1**