1 | JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
2 | PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
3 | HANNA B. RAANAN (SBN 261014)
hraanan@jhindslaw.com
4 | LAW OFFICES OF JAMES ANDREW HINDS, JR.
21515 Hawthorne Blvd.
5 | Suite 1150
Torrance, California 90503
6 | Telephone: (310) 316-0500
Facsimile: (310) 792-5977
7
8 | Attorneys for AEOLUS DOWN, INC.,
Debtor and Debtor-In-Possession

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **RIVERSIDE DIVISION**

12

13 | In re                                      ) CASE NO.   6:09-bk-22497-RN
                                               )
14 |                                           ) (Chapter 11)
     AEOLUS DOWN INC.,                         )
15 |                                           ) **DEBTOR'S NOTICE OF MOTION AND**
                    Debtor.                    ) **MOTION FOR ORDER EXTENDING**
16 |                                           ) **TIME TO ASSUME OR REJECT**
                                               ) **COMMERCIAL REAL PROPERTY**
17 |                                           ) **LEASES FOR BUSINESS PREMISES**
                                               ) **LOCATED AT 13950 AND 14050**
18 |                                           ) **NORTON AVENUE, CHINO,**
                                               ) **CALIFORNIA, AND 295 FIFTH**
19 |                                           ) **AVENUE, NEW YORK, NEW YORK;**
                                               ) **DECLARATION OF WEI DONG IN**
20 |                                           ) **SUPPORT**
                                               )
21 |                                           ) **[11 U.S.C. § 365(d)(4)(B)(i) AND**
                                               ) **FEDERAL RULE OF BANKRUPTCY**
22 |                                           ) **PROCEDURE 6006 (a), (b), (c), and (f)]**
                                               )
23 |                                           ) DATE:       November 3, 2009
                                               ) TIME:       2:00 p.m.
24 |                                           ) PLACE:      CTRM # 301, 3420
                                               )             Twelfth Street, Riverside,
25 |                                           )             California 92501-3819
                                               )
26 |                                           ) **Counsel for Debtor to Appear at :**
                                               ) Courtroom 1645, Roybal Federal
27 | _____ ) Building, 255 East Temple Street
                                               ) Los Angeles, CA 90012

28 |                                   1.

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, MAJESTIC REALTY COMPANY, LESSOR, SABIC PLASTICS, INC., SUBLESSOR, GRASSI & ASSOCIATES, INC., LESSOR, AND TO ALL CREDITORS AND PARTIES-IN-INTEREST AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Tuesday, November 3, 2009 at the hour of 2:00 p.m., a hearing will be held before the Honorable Richard M. Neiter, United States Bankruptcy Judge, in Courtroom #301 of the above entitled court located at 3420 Twelfth Street, Riverside, California 92501-3819 (counsel for the Debtor will appear in Courtroom #1645, 255 East Temple Street, Los Angeles, California 90012) on the within Debtor's Motion for Order Extending Time to Assume or Reject Commercial Real Property Leases for Business Premises Located at 13950 and 14050 Norton Avenue, Chino, California, and for Business Premises Located at 295 Fifth Avenue, New York, New York pursuant to 11 U.S.C. § 365 (d)(4)(B)(i) (hereinafter referred to as the "Motion") filed by the Debtor and Debtor-In-Possession herein, Aeolus Down Inc. (hereinafter referred to as the "Debtor").

The current deadline for the Debtor to assume or reject the subject leasehold interests is <u>October 6, 2009</u>. The Debtor requests, for cause, a 90-day extension of time beyond the current deadline, or up to and including <u>January 4, 2010</u> (hereinafter referred to as the "Extension Period"), to accommodate the possible variant business model of a prospective purchaser of the Debtor's business which may or may not include an assumption of one or more of the subject leasehold interests. The Debtor currently anticipates moving the Court by the middle of December, 2009, under 11 U.S.C. 363 (b)(1) to sell substantially all of its assets following appropriate listing and marketing with the assistance of a Court-approved professional business broker, subject to Court-approved bidding procedures, and following proper notice of the contemplated Sale

2 .

1  Motion.  The Debtor further currently anticipates that the Sale Motion and its terms will be

2  a crucial component to the Debtor's exit strategy from Chapter 11.  During the Extension

3  Period, the Debtor will remain current in all of its obligations under the subject leases, as

4  it has prior to and since the inception of the Chapter 11 case.

5      This Motion is brought for cause pursuant to 11 U.S.C. § 365 (d)(4)(B)(i) and

6  Federal Rule of Bankruptcy Procedure 6006 (a), (b), (c), and (f) and is based upon the

7  attached Memorandum of Points and Authorities, Declaration of Wei Dong, the attached

8  Exhibits, and upon such other and further evidence, oral and documentary, as may be

9  presented to the Court at or prior to the hearing on this matter.

10

11      **PLEASE TAKE FURTHER NOTICE** that any objection, joinder, or response to the

12  Motion must be in writing; must be accompanied by supporting evidence; must comply

13  with Local Bankruptcy Rule 9013-1; and must be filed with the Court and served on the

14  following parties: **(i)** counsel to the Debtor at the following address: The Law Offices of

15  James Andrew Hinds, Jr., Attn: James Andrew Hinds, Jr., Esq. and Paul R. Shankman,

16  Esq., 2515 Hawthorne Blvd., Ste. 1150, Torrance, CA 90503, Facsimile: (310) 792-5977;

17  and **(ii)** the Office of the United States Trustee, Attn: Timothy J. Farris, Esq., 3685 Main

18  Street, Suite 300, Riverside, CA 92501, Facsimile (951) 276-6973.  Local Bankruptcy

19  Rule 9013-1(h) states that if you do not timely file and serve an objection or response to

20  the Motion, the Court may find that you have consented to the relief requested herein.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

3 .

1    **WHEREFORE**, the Debtor respectfully requests that this Court enter an Order

2   extending the time for the Debtor to assume or reject the subject leases for a period of

3   not less than 90-days from the current deadline of October 6, 2009, up to and including

4   January 4, 2010, and for other relief as the Court may deem just and proper under the

5   circumstances.

6

7   DATED: October 2, 2009          Respectfully submitted,

8

9                                   THE LAW OFFICES OF JAMES ANDREW HINDS, JR.
                                    JAMES ANDREW HINDS, JR.
10                                  PAUL R. SHANKMAN
                                    HANNA B. RAANAN

11

12                                  By:    /S/PAUL R. SHANKMAN
13                                          PAUL R. SHANKMAN,
                                    Attorneys for Aeolus Down Inc., Debtor and
14                                  Debtor-In-Possession

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        4.

---

# I.

## STATEMENT OF FACTS AND SUMMARY OF ARGUMENT

1.     Aeolus Down Inc. (hereinafter referred to as "ADI" or the "Debtor") is a California corporation with its place of operations in the City of Chino.  (See Declaration of Wei Dong (hereinafter referred to as the "Dong Dec.") at ¶ 2.)

2.     This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157(b)(2)(A), (M) and (O) and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2).  Venue is proper pursuant to 28 U.S.C. Section 1409.

3.     The United States Bankruptcy Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. Sections 157(b) and 1334.  The statutory predicates for the relief requested herein are §§ 105(a) and 365 of the Bankruptcy Code.

4.     The Debtor is in the business of designing, and importing from abroad home textile products which are, in turn, sold to retail customers throughout the United States and abroad.  The Debtor has been profitable for five of the past six years and is one of the premier wholesalers of home textile products in the Country.  In 2008 the Debtor's gross sales exceeded $58 million.  The Debtor is a viable company with substantial sales and committed vendors, salesmen, and retail customers.  But for the judgment collection actions of SCM, the Debtor would be extremely profitable.  (Dong Dec. at ¶ 3.)

5.     On June 8, 2009 (hereinafter referred to as the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of Title 11 of the United States Code.  Since the Petition Date the Debtor has operated its business as the Debtor-In-Possession under §§ 1107 and 1108 of the Bankruptcy Code.  (Dong Dec. at ¶ 4.)

6.     In order to operate its business the Debtor currently requires to keep its main business premises located 13950 and 14050 Norton Avenue, Chino, California through its pre-petition Lease for Commercial Real Property with Majestic Realty

5.

1  Corporation (hereinafter referred to as "Majestic") and through the Debtor's pre-petition

2  Sublease for Commercial Real Property with SABIC Plastics, Inc. (hereinafter referred to

3  as "Sabic").  The total property leased by the Debtor consists of 400,000 square feet of

4  warehouse and office space.  Attached hereto collectively as Exhibit "1" are true and

5  correct copies of the Industrial Lease and First and Second Amendments thereto

6  between the Debtor and Majestic (hereinafter referred to collectively as the "Majestic

7  Lease").  Attached hereto collectively as Exhibit "2" are true and correct copies of the

8  Sublease Agreement between the Debtor and Sabic, Amendment, and Consents to

9  same (hereinafter referred to as the "Sabic Sublease").  (Dong Dec. at ¶ 5.)

10      7.    The original term of the Majestic Lease was from May 17, 2006, through

11  November 19, 2009, with an option to extend until May 31, 2011.  On December 17,

12  2007, the Debtor exercised the option to extend the lease and the term now runs until

13  May 31, 2011.  The original term of the Sabic Sublease was from October 1, 2004

14  through May 31, 2008.  On June 20, 2006, the Debtor entered into an amendment to the

15  Sabic Sublease and the term now runs through May 31, 2011, co-extensive with the term

16  of the Majestic Lease.  (Dong Dec. at ¶ 6.)

17      8.    The rent paid by the Debtor to Majestic is $56,533.53 per month due on the

18  first (1st) of each month.  The rent paid by the Debtor to Sabic is $78,739.50 per month

19  due on the first (1st of each month.).  The total rent per month for the 400,000 square

20  foot Norton Avenue warehouse and office space is therefore $135,273.03.  (Dong Dec. at

21  ¶ 7.)

22      9.    In addition, the Debtor requires for its operations a showroom located at

23  295 Fifth Avenue in, New York, New York which it leases from Grassi & Associates, Inc.

24  (hereinafter referred to as "Grassi").  The Debtor uses the showroom to advertise and

25  maintain its national presence for the wholesale marketing of home textile products.

26  Attached hereto as Exhibit "3" and incorporated herein by this reference as if set forth in

27  full is a true and correct copy of the Grassi Lease (hereinafter referred to as "Fifth Ave

28

6.

1  Lease").  (Dong Dec. at ¶ 8.)

2          10.    The term of the Fifth Ave Lease commenced on May 1, 2006 and ends on

3  January 31, 2011.  The rent paid to Grassi is $9,000.00 per month.  The total space

4  leased from Grassi is 3,500 square feet.  (Dong Dec. at ¶ 9.)

5          11.    The Majestic Lease, the Sabic Sublease, and the Grassi Lease locations

6  are essential to the Debtor's continued operation of the business and will allow the

7  Debtor to handle its upcoming busy season, as well as to solicit new customers, all of

8  which generates customer orders, increases purchases, and increases account cash

9  flow.  The Debtor is current on all of its lease obligations to Majestic, Sabic, and Grassi.

10  (Dong Dec. at ¶ 10.)

11          12.    The current deadline for the Debtor to assume or reject the subject

12  leasehold interests is October 6, 2009. The Debtor requests for cause a 90-day extension

13  of time beyond the current deadline to accommodate the possible variant business model

14  of a prospective  purchaser of the Debtor's business which may or may not include an

15  assumption of one or more of the subject leasehold interests (hereinafter referred to as

16  the "Extension Period").  The Debtor currently anticipates moving the Court under 11

17  U.S.C. 363 (b)(1) to sell substantially all of its assets by the middle of December 2009,

18  following appropriate listing and marketing with the assistance of a Court-approved

19  professional business broker, subject to Court-approved bidding procedures, and

20  following proper notice of the contemplated Sale Motion.  The Debtor further currently

21  anticipates that the Sale Motion and its terms will be a crucial component to the Debtor's

22  exit strategy from Chapter 11.  During the Extension  Period, the Debtor will remain

23  current in all of its obligations under the subject leases, as it has prior to and since the

24  inception of the Chapter 11 case.  (Dong Dec. at ¶ 11.)

25  / / /

26  / / /

27  / / /

28                                    7.

---

1  / / /

2                                            II.

3  **CAUSE EXISTS TO JUSTIFY EXTENSION OF THE TIME PERIOD FOR THE ESTATE**

4      **TO ASSUME OR REJECT THE SUBJECT LEASES AND AGREEMENTS**

5      11 U.S.C. § 365(d)(4)(A) and (B)(i) and (ii) provides as follows:

6          "Subject to subparagraph (B), an unexpired lease of nonresidential

7      real property under which the debtor is the lessee shall be deemed

8      rejected, and the trustee shall immediately surrender that nonresidential

9      real property to the lessor, if the trustee does not assume or reject the

10     unexpired lease by the earlier of

11         (i) the date that is 120 days after the date of the order for relief; or

12

13         (ii) the date of the entry of an order confirming a plan.

14         (B) (i) The court may extend the period determined under

15     subparagraph (A), prior to the expiration of the 120-day period, for 90 days

16     on the motion of the trustee or lessor for cause. (ii) If the court grants an

17     extension under clause (i), the court may grant a subsequent extension only

18     upon prior written consent of the lessor in each instance."  (Emphasis

19     added.)

20  11 U.S.C. § 365(d)(4), Collier Pamphlet Edition, Bankruptcy Code (Lexis

21  Nexis 2009 Ed.)

22      The current deadline for the Debtor to assume, reject or obtain an extension of the

23  initial 120-day period is October 6, 2009.  A review of the case law shows that the factors

24  examined to determine if sufficient cause exists to extend the time for the debtor to

25  assume or reject a lease of non-residential real property as lessee include, but are not

26  limited to: (1) whether the debtor needs additional time to act intelligently in making the

27  decision to assume or reject; (2) whether the debtor has complied with its post-petition

28                                          8 .

---

1  / / /

2

3  obligations under the lease; and (3) whether the lease is a primary asset central to the

4  debtor's reorganization.  See In re Perfect-lite Co., 116 B.R. 84 (Bankr. N.D. Oh. 1990).

5       Application of the foregoing factors to the within case militates in favor of granting

6  an extension of time as requested: **(1)** the additional time may be necessary for the

7  Debtor to obtain approval of a sale of substantially all of the Debtor's assets to a buyer

8  who may or may not have a business model which requires (or does not require) the

9  subject leases which will be likely known by mid-December, 2009; **(2)** the Debtor is

10  current with all of its post-petition obligations under the subject agreements; and **(3)** the

11  Debtor's use of the properties leased in Chino and in New York are absolutely essential

12  to its ongoing operations and a central element to its reorganization efforts, until and

13  unless a third party buyer approved by the Court changes those operational

14  requirements.

15       In light of the foregoing, an extension of time is justified for the Debtor to assume

16  or reject the subject Lease and Sublease Agreements up to and including January 4,

17  2010.

18

19  **III.**

20  **CONCLUSION**

21       Based on the foregoing points and authorities, the attached Declaration, and the

22  attached Exhibits, the Debtor respectfully requests that this Court:

23       1.    Order a 90-day extension from October 6, 2009 (the current deadline) up to

24  and including January 4, 2010 in which the Debtor has to either assume or reject the

25  subject Lease and Sublease Agreements, or thereafter obtain the consent of each Lessor

26  or Sublessor to a further extension of same for this Court's approval;

27       2.    Order the Debtor to keep current on all post-petition obligations due under

28                           9 .

1    the subject Lease and Sublease Agreements as adequate protection to the Lessor and

2    Sublessor, until assumption or rejection of the subject Lease and Sublease Agreements,

3    or further Order of this Court; and

4

5        3.      Make such other and further Orders as this Court deems appropriate under

6    the facts and circumstances of the case.

7

8    Dated: October 2, 2009                Respectfully submitted,

9                                          Law Offices of James Andrew Hinds, Jr.
                                           JAMES ANDREW HINDS, JR.
10                                         PAUL R. SHANKMAN
                                           HANNA B. RAANAN

11

12                                         By: /S/PAUL R. SHANKMAN
                                                PAUL R. SHANKMAN,
13                                         Attorneys for Aeolus Down Inc., Chapter 11 Debtor
                                           and Debtor-in-Possession

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                     10.

---

DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING TIME TO ASSUME OR REJECT COMMERCIAL REAL
PROPERTY LEASES FOR BUSINESS PREMISES LOCATED AT 13950 AND 14050 NORTON AVENUE, CHINO, CALIFORNIA, AND
295 FIFTH AVENUE, NEW YORK, NEW YORK; DECLARATION OF WEI DONG IN SUPPORT

## DECLARATION OF WEI DONG

I, Wei Dong, declare and state as follows:

1.      I am now and have been the Chief Executive Officer of the Debtor in this case, Aeolus Down Inc. (hereinafter referred to as "ADI").  I make this declaration as a part of the Debtor's Motion for Order Extending Time to Assume or Reject Commercial Real Property Leases for Business Premises Located at 13950 and 14050 Norton Avenue, Chino, California, and for Business Premises Located at 295 Fifth Avenue, New York, New York pursuant to 11 U.S.C. § 365 (d)(4)(B)(i) (hereinafter referred to as the "Motion").  The matters set forth hereinbelow are made of my own personal knowledge or have been obtained from my personal and business books and records of ADI, which books and records are maintained in the ordinary course of the business affairs of ADI, from data collected by the Debtor and its staff and maintained under the supervision of me and my staff.  For the purposes of this Motion, I have been designed as the custodian of records for the Debtor.  If called to testify in this action as to the matters set forth in this Declaration, I could and would testify competently thereto.

2.      Aeolus Down Inc. (hereinafter referred to as "ADI" or the "Debtor") is a California corporation with its place of operations in the City of Chino.  (See Declaration of Wei Dong.

3.      The Debtor is in the business of designing, and importing from abroad home textile products which are, in turn, sold to retail customers throughout the United States and abroad.  The Debtor has been profitable for five of the past six years and is one of the premier wholesalers of home textile products in the Country.  In 2008 the Debtor's gross sales exceeded $58 million.  The Debtor is a viable company with substantial sales and committed vendors, salesmen, and retail customers.  But for the judgment collection actions of SCM, the Debtor would be extremely profitable.

4.      On June 8, 2009 (hereinafter referred to as the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of Title 11 of the United States Code.  Since

11.

1 | the Petition Date the Debtor has operated its business as the Debtor-In-Possession

2 | under §§ 1107 and 1108 of the Bankruptcy Code.

3 |        5.        In order to operate its business the Debtor currently requires to keep its

4 | main business premises located 13950 and 14050 Norton Avenue, Chino, California

5 | through its pre-petition Lease for Commercial Real Property with Majestic Realty

6 | Corporation (hereinafter referred to as "Majestic") and through the Debtor's pre-petition

7 | Sublease for Commercial Real Property with SABIC Plastics, Inc. (hereinafter referred to

8 | as "Sabic").  The total property leased by the Debtor consists of 400,000 square feet of

9 | warehouse and office space.  Attached hereto collectively as Exhibit "1" are true and

10 | correct copies of the Industrial Lease and First and Second Amendments thereto

11 | between the Debtor and Majestic (hereinafter referred to collectively as the "Majestic

12 | Lease").  Attached hereto collectively as Exhibit "2" are true and correct copies of the

13 | Sublease Agreement between the Debtor and Sabic, Amendment, and Consents to

14 | same (hereinafter referred to as the "Sabic Sublease").

15 |        6.        The original term of the Majestic Lease was from May 17, 2006, through

16 | November 19, 2009, with an option to extend until May 31, 2011.  On December 17,

17 | 2007, the Debtor exercised the option to extend the lease and the term now runs until

18 | May 31, 2011.  The original term of the Sabic Sublease was from October 1, 2004

19 | through May 31, 2008.  On June 20, 2006, the Debtor entered into an amendment to the

20 | Sabic Sublease and the term now runs through May 31, 2011, co-extensive with the term

21 | of the Majestic Lease.

22 |        7.        The rent paid by the Debtor to Majestic is $56,533.53 per month due on the

23 | first (1st) of each month.  The rent paid by the Debtor to Sabic is $78,739.50 per month

24 | due on the first (1st of each month.).  The total rent per month for the 400,000 square

25 | foot Norton Avenue warehouse and office space is therefore $135,273.03.

26 |        8.        In addition, the Debtor requires for its operations a showroom located at

27 | 295 Fifth Avenue in, New York, New York which it leases from Grassi & Associates, Inc.

28 |

12.

1  (hereinafter referred to as "Grassi").  The Debtor uses the showroom to advertise and

2  maintain its national presence for the wholesale marketing of home textile products.

3  Attached hereto as Exhibit "3" and incorporated herein by this reference as if set forth in

4  full is a true and correct copy of the Grassi Lease (hereinafter referred to as "Fifth Ave

5  Lease").

6        9.      The term of the Fifth Ave Lease commenced on May 1, 2006 and ends on

7  January 31, 2011.  The rent paid to Grassi is $9,000.00 per month.  The total space

8  leased from Grassi is 3,500 square feet.

9        10.     The Majestic Lease, the Sabic Sublease, and the Grassi Lease locations

10  are essential to the Debtor's continued operation of the business and will allow the

11  Debtor to handle its upcoming busy season, as well as to solicit new customers, all of

12  which generates customer orders, increases purchases, and increases account cash

13  flow.  The Debtor is current on all of its lease obligations to Majestic, Sabic, and Grassi.

14        11.     The current deadline for the Debtor to assume or reject the subject

15  leasehold interests is October 6, 2009. The Debtor requests for cause a 90-day extension

16  of time beyond the current deadline to accommodate the possible variant business model

17  of a prospective  purchaser of the Debtor's business which may or may not include an

18  assumption of one or more of the subject leasehold interests (hereinafter referred to as

19  the "Extension Period").  The Debtor currently anticipates moving the Court under 11

20  U.S.C. 363 (b)(1) to sell substantially all of its assets by the middle of December 2009,

21  following appropriate listing and marketing with the assistance of a Court-approved

22  professional business broker, subject to Court-approved bidding procedures, and

23  following proper notice of the contemplated Sale Motion.  The Debtor further currently

24  anticipates that the Sale Motion and its terms will be a crucial component to the Debtor's

25  / / /

26  / / /

27  / / /

28

13.

1   exit strategy from Chapter 11.  During the Extension  Period, the Debtor will remain

2   current in all of its obligations under the subject leases, as it has prior to and since the

3   inception of the Chapter 11 case.

4

5          I declare under penalty of perjury and the laws of the United States of America that

6   the foregoing is true and correct.

7          Executed this 2nd day of October, 2009, at Chino, California.

8

9                                          WEI DONG

10

11  365 Motion-Extension FINAL.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14.

DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING TIME TO ASSUME OR REJECT COMMERCIAL REAL
PROPERTY LEASES FOR BUSINESS PREMISES LOCATED AT 13950 AND 14050 NORTON AVENUE, CHINO, CALIFORNIA, AND
295 FIFTH AVENUE, NEW YORK, NEW YORK; DECLARATION OF WEI DONG IN SUPPORT