1  JAMES ANDREW HINDS, JR. (SBN 71222)
   jhinds@jhindslaw.com
2  PAUL R. SHANKMAN (SBN 113608)
   pshankman@jhindslaw.com
3  HANNA B. RAANAN (SBN 261014)
   hraanan@jhindslaw.com
4  LAW OFFICES OF JAMES ANDREW HINDS, JR.
   21515 Hawthorne Blvd.
5  Suite 1150
   Torrance, California 90503
6  Telephone: (310) 316-0500
   Facsimile: (310) 792-5977
7
   Attorneys for Aeolus Down Inc., Debtor and Debtor-In-Possession
8

9                    UNITED STATES BANKRUPTCY COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                       LOS ANGELES DIVISION

12

13  In re                              )   CASE NO.  2:10-bk-21665-RN

14                                      )   (Chapter 11)

15  AEOLUS DOWN INC.,                   )   NOTICE OF MOTION AND MOTION
                                        )   FOR ORDER ALLOWING
16                                      )   ASSUMPTION OF COMMERCIAL
                                        )   REAL PROPERTY LEASES FOR
17         Debtor and Debtor-In-Possession.  )  BUSINESS PREMISES LOCATED AT
                                        )   13950 AND 14050 NORTON AVENUE,
18                                      )   CHINO, CALIFORNIA, AND 295 FIFTH
                                        )   AVENUE, NEW YORK, NEW YORK;
19                                      )   MEMORANDUM OF POINTS AND
                                        )   AUTHORITIES AND DECLARATION IN
20                                      )   SUPPORT THEREOF

21                                      )   [11 U.S.C. § 365(a) AND FEDERAL
                                        )   RULES OF BANKRUPTCY
22                                      )   PROCEDURE, RULE 6006 (a)]

23                                      )   DATE:    May 12, 2010
                                        )   TIME:    10:30 A.M.
24                                      )   CTRM:    Courtroom 1645
                                        )            255 E. Temple Street
25  _____)          Los Angeles, CA 90012

26  / / /

27  / / /

28                              1.

1  **TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY**

2  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SECURED**

3  **CREDITORS, MAJESTIC REALTY COMPANY, LESSOR, SABIC PLASTICS, INC.,**

4  **SUBLESSOR, GRASSI & ASSOCIATES, INC., LESSOR, THE 20 LARGEST**

5  **UNSECURED CREDITORS, AND TO ALL PARTIES WHO HAVE REQUESTED**

6  **SPECIAL NOTICE:**

7

8  **PLEASE TAKE NOTICE**  that on May 12, 2010 a hearing will be held before the

9  Honorable Richard M. Neiter, United States Bankruptcy Judge, in Courtroom 1645 of the

10 above entitled court located at 255 East Temple Street, Los Angeles, California 90012 to

11 consider the Debtor's Motion for Order Allowing Assumption of Commercial Real

12 Property Leases for Business Premises Located at 12950 and 14050 Norton Avenue,

13 Chino, California and 295 Fifth Avenue, New York, New York (hereinafter referred to as

14 the "Assumption Motion").

15       By this Motion, Aeolus Down, Inc. (hereinafter referred to as the "Debtor" or "ADI")

16 seeks authority to assume the commercial real property leases with Majestic Realty

17 Company (hereinafter referred to as "Majestic") and Grassi & Associates, Inc. (hereinafter

18 referred to as "Grassi"), and the sublease with SABIC Plastics, Inc. (hereinafter referred

19 to as 'Sabic") pursuant to § 365(a) of the Bankruptcy Code, effective as of June 6, 2009,

20 the Petition Date.  For the reasons stated hereinbelow, ADI has concluded in the

21 exercise of its sound business judgment that the continuation of the leases and sublease

22 is critical to the future business of ADI and its hopes for a successful reorganization in

23 this case.

24

25       **PLEASE TAKE NOTICE** that this Assumption Motion is brought pursuant to 11

26 U.S.C. §§ 105 and 365 and Rule 6006 of the Federal Rules of Bankruptcy Procedure,

27 and will be based upon this Notice of Motion and Motion, the Memorandum of Points and

28                                                  2.

---

1 | Authorities, and the Declaration Wei Dong attached hereto, upon all of the papers and

2 | records on file, all matters of which this Court may properly take judicial notice, and upon

3 | such other evidentiary matters as may be presented to the Court regarding this

4 | Assumption Motion.

5 |

6 | **PLEASE TAKE FURTHER NOTICE** that any objection, joinder, or response to the

7 | Assumption Motion must be in writing; must be accompanied by supporting evidence;

8 | must comply with Local Bankruptcy Rule 9013-1; and must be filed with the Court and

9 | served not later than <u>fourteen (14) days prior to the hearing</u> on the following parties: **(i)**

10 | counsel to the Debtor at the following address: The Law Offices of James Andrew Hinds,

11 | Jr., Attn: James Andrew Hinds, Jr., Esq. and Paul R. Shankman, Esq., 2515 Hawthorne

12 | Blvd., Ste. 1150, Torrance, CA 90503, Facsimile: (310) 792-5977; and **(ii)** the Office of

13 | the United States Trustee, Attn: Russell Clementson, Esq., 725 South Figueroa Street,

14 | 26th Floor, Los Angeles, CA 90017, Facsimile (213) 894-2603.  Local Bankruptcy Rule

15 | 9013-1(h) states that if you do not timely file and serve an objection or response to the

16 | Motion, the Court may find that you have consented to the relief requested herein.

17 |

18 | **WHEREFORE**, the Debtor respectfully requests that this Court enter an Order **(i)**

19 | approving the Assumption of the Lease Agreement and Sublease Agreement with

20 | Majestic and Sabic for the Commercial real property located at 13950 and 14050 Norton

21 | Avenue, Chino, California retroactive to the Petition Date, **(ii)** approving the Assumption

22 | of the Lease Agreement with Grassi for the commercial real property located at 295 Fifth

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 |

3.

1  Avenue, New York, New York retroactive to the Petition Date; and **(iii)** grant such other

2  and further relief as the Court deems just and proper.

3

4  DATED: April 1, 2010                    Respectfully submitted,
                                           JAMES ANDREW HINDS, JR.
5                                          PAUL R. SHANKMAN
                                           HANNA B. RAANAN
6                                          LAW OFFICES OF JAMES ANDREW HINDS, JR.

7                                          By:   _/s/ Hanna B. Raanan_____
                                                  HANNA B. RAANAN
8                                          Attorneys for Debtor and Debtor-In-Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1.      Aeolus Down Inc. (hereinafter referred to as "ADI" or the "Debtor") is a California corporation with its place of operations in the City of Chino.  (See Declaration of Wei Dong (hereinafter referred to as the "Dong Dec.") at ¶ 2.)

2.      This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157(b)(2)(A), (M) and (O) and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2).  Venue is proper pursuant to 28 U.S.C. Section 1409.

3.      The United States Bankruptcy Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. Sections 157(b) and 1334.  The statutory predicates for the relief requested herein are §§ 105(a) and 365 of the Bankruptcy Code.

4.      The Debtor is in the business of designing, and importing from abroad home textile products which are, in turn, sold to retail customers throughout the United States and abroad.  The Debtor has been profitable for five of the past six years and is one of the premier wholesalers of home textile products in the Country.  In 2008 the Debtor's gross sales exceeded $58 million.  The Debtor is a viable company with substantial sales and committed vendors, salesmen, and retail customers.  But for the judgment collection actions of SCM, the Debtor would be extremely profitable.  (Dong Dec. at ¶ 3.)

5.      On June 8, 2009 (hereinafter referred to as the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of Title 11 of the United States Code.  Since the Petition Date the Debtor has operated its business as the Debtor-In-Possession under §§ 1107 and 1108 of the Bankruptcy Code.  (Dong Dec. at ¶ 4.)

6.      In order to operate its business the Debtor currently requires to keep its main business premises located 14050 and 13950  Norton Avenue, Chino, California

5.

1  through its pre-petition Lease for Commercial Real Property with Majestic Realty Co. and

2  Spectrum Sub A, LLC (hereinafter referred to collectively as the "Majestic") and through

3  the Debtor's pre-petition Sublease for Commercial Real Property with SABIC Innovative

4  Plastics US LLC, (hereinafter referred to as "Sabic").  The total property leased by the

5  Debtor consists of 400,000 square feet of warehouse and office space. Attached hereto

6  collectively as Exhibit "1" are true and correct copies of the Industrial Lease and First and

7  Second Amendments thereto between the Debtor and Majestic (hereinafter referred to

8  collectively as the "Majestic Lease").  Attached hereto collectively as Exhibit "2" are true

9  and correct copies of the Sublease Agreement between the Debtor and Sabic,

10  Amendment, and Consents to same (hereinafter referred to as the "Sabic Sublease").

11  (Dong Dec. at ¶5.)

12      7.    The original term of the Majestic Lease was from March 15, 2004, through

13  May 31, 2008, with no option to extend.  ADI then entered into a first Amendment to the

14  lease on May 17, 2006, which provided for an option to extend until May 31, 2011.  On

15  December 13, 2007, the Debtor entered into a second Amendment to the lease which

16  acknowledged its exercise of the option to extend the lease and the consequent

17  extension of the lease term until May 31, 2011.  The original term of the Sabic Sublease

18  was from October 1, 2004 through May 31, 2008.  On June 20, 2006, the Debtor entered

19  into an amendment to the Sabic Sublease and the term now runs through May 31, 2011,

20  co-extensive with the term of the Majestic Lease.  (Dong Dec. at ¶ 6.)

21      8.    The rent paid by the Debtor to Majestic is $56,533.53 per month due on the

22  first (1st) of each month.  The rent paid by the Debtor to Sabic is $78,739.50 per month

23  due on the first (1st of each month.).  The total rent per month for the 400,000 square foot

24  Norton Avenue warehouse and office space is therefore $135,273.03.  (Dong Dec. at ¶

25  7.)

26      9.    In addition, the Debtor requires for its operations a showroom located at

27  295 Fifth Avenue in, New York, New York which it leases from Grassi & Associates, Inc.

28                                          6.

(hereinafter referred to as "Grassi"). Attached hereto as Exhibit "3" and incorporated

herein by this reference as if set forth in full is a true and correct copy of the Lease

Agreement between Debtor and Grassi & Associates, Inc. (hereinafter referred to as

"Grassi Lease"). The Debtor uses the showroom to advertise and maintain its national

presence for the wholesale marketing of home textile products. (Dong Dec. at ¶ 8.)

10.    The term of the Grassi Lease commenced on May 1, 2006 and ends on

January 31, 2011. The rent paid by the Debtor under the Grassi Lease is $9,000.00 per

month. The total space leased under the Grassi Lease is 3,500 square feet. (Dong Dec.

at ¶ 9.)

11.    The Majestic Lease, the Sabic Sublease, and the Grassi Lease locations

are essential to the Debtor's continued operation of the business and will allow the

Debtor to handle its busy season, as well as to solicit new customers, all of which

generates customer orders, increases purchases, and increases account cash flow. The

Debtor is current on all of its lease obligations to Majestic, Sabic, and Grassi. (Dong Dec.

at ¶ 10.)

12.    The Debtor settled its major disputes with Judgment Creditors Shaoxing

City Maolong Wuzhung Down Products Co., Ltd. and Sui Yan Cheng (hereinafter

collectively referred to as "SCM") at a Mediation held on February 22, 2010 which has

removed virtually all impediments to the Debtor's ability to continue in business at its

present locations and successfully exit Chapter 11, subject to this Court's approval.

(Dong Dec. at ¶ 11.)

13.    Pursuant to the Bankruptcy Code, the first deadline to assume or reject the

Majestic Lease, Sabic Sublease, and Grassi Leases was October 6, 2009. The Debtor

requested an extension of such deadline on October 2, 2009 and the Court granted such

extension after hearing on November 12, 2009. Pursuant to the Court's Order on

November 12, 2009, the Debtor had an extended deadline of January 4, 2010 to assume

or reject the Majestic Lease, Sabic Sublease, and Grassi Leases. (Dong Dec. at ¶ 12.)

7.

14.    On December 30, 2009, with support from the three lessors, the Debtor requested from the Court a second extension of the deadline to assume or reject and the Court granted such extension after hearing on.  Pursuant to the Court's Order entered on February 23, 2010, the Debtor has been granted up to and including <u>April 5, 2010</u> to file its Motion to Assume or Reject the subject commercial real property leases.  (Dong Dec. at ¶ 13.)

## II.

## ARGUMENT IN SUPPORT OF THE ASSUMPTION OF THE COMMERCIAL REAL ESTATE LEASES

By this Motion ADI seeks an Order allowing it to assume the pre-petition lease and sublease agreements with Majestic, Grassi and Sabic.  All three leases and sublease are essential to the Debtor's operation of its business as the warehousing and sale locations and showroom locations.  In the exercise of its business judgment, ADI believes that immediate assumption of the commercial real property leases and sublease is merited.

Section 365(a) provides that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  Although § 365(a) does not provide a standard for determining when it is appropriate for a court to authorize a debtor's rejection or assumption of an executory contract or unexpired real property lease, the Supreme Court has ruled that the court should defer to the debtor's business judgment.  <u>NLRB v. Bildisco & Bildisco</u>, (1984) 465 U.S. 513, 523.

This "business judgment" is not a strict standard; it merely requires a showing that assumption or rejection of the unexpired lease or executory contract will benefit the estate.  See <u>Borman's Inc. v. Allied Supermarkets, Inc.</u> (6th Cir. 1983) 706 F.2d 187, 189. In adopting 11 U.S.C. § 365(a), Congress intended a debtor to assume only those leases and executory contracts that benefit the estate.  Conversely, debtors are expected to

8.

1  reject leases and executory contracts that are unprofitable and/or burdensome to the

2  estate.  In re Whitcomb & Keller Mortgage Co., Inc. (7th Cir. 1983) 715 F.2d 375, 379.

3        Courts generally will not second guess a debtor's business judgment concerning

4  assumption or rejection of an unexpired lease or executory contract.  See, e.g., Lubrizol

5  Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)

6  (4th Cir. 1985) 756 F.2d 1043, 1046-47.  Moreover, application of the business judgment

7  rule requires a bankruptcy court to accept a debtor's decision unless "it is shown that the

8  [debtor's] decision was one taken in bad faith or in gross abuse of the [debtor's] retained

9  discretion."  Id. at 1047.

10        Under this standard, once the debtor has articulated a valid business justification

11  the business judgment rule acts as a presumption that the business decision was made

12  on an informed basis, in good faith, and in the honest belief that the action was in the

13  best interests of the company.  See Official Comm. Of Subordinated Bondholders v.

14  Integrated Res., Inc. (S.D.N.Y. 1992) 147 B.R. 650, 656; see also Sharon Steel Corp. v.

15  Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36 (3d Cir. 1989).  This Motion for assumption of

16  the Majestic Lease, Sabic Sublease, and Grassi Lease is merited under this standard.

17

18                                          III.

19                                    **CONCLUSION**

20        Based on the foregoing, ADI respectfully  submits that the assumption of the

21  Majestic Lease, Sabic Sublease, and Grassi Lease is an exercise of the Debtor's sound

22  business judgment and that, based on the equities and circumstances of this case, the

23  Court should approve the Debtor's assumption thereof effective as of the Petition Date.

24  / / /

25  / / /

26  / / /

27  / / /

28                                          9.

NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING ASSUMPTION OF COMMERCIAL REAL PROPERTY
LEASES FOR BUSINESS PREMISES LOCATED AT 13950 AND 14050 NORTON AVENUE, CHINO, CALIFORNIA,
AND 295 FIFTH AVENUE, NEW YORK, NEW YORK; MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION IN SUPPORT THEREOF

1    No prior request for the relief sought in this Motion has been made to this or any other

2    Court.

3

4

5    Dated: April 1, 2010                    JAMES ANDREW HINDS, JR.
                                            PAUL R. SHANKMAN
6                                           HANNA B. RAANAN
                                            LAW OFFICES OF JAMES ANDREW HINDS, JR.
7

8                                           By:    /s/   Hanna B. Raanan
                                                   HANNA B. RAANAN
9                                           Attorneys for Aeolus Down Inc., Debtor and Debtor-
                                            In-Possession
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          10.

---

NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING ASSUMPTION OF COMMERCIAL REAL PROPERTY
LEASES FOR BUSINESS PREMISES LOCATED AT 13950 AND 14050 NORTON AVENUE, CHINO, CALIFORNIA,
AND 295 FIFTH AVENUE, NEW YORK, NEW YORK; MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION IN SUPPORT THEREOF

**DECLARATION OF WEI DONG IN SUPPORT OF DEBTOR'S MOTION ALLOWING**

**ASSUMPTION OF THE COMMERCIAL REAL PROPERTY LEASES FOR BUSINESS**

**PREMISES LOCATED AT 13950 and 14050 NORTON AVENUE, CHINO CALIFORNIA,**

**AND FOR BUSINESS PREMISES LOCATED AT 295 FIFTH AVENUE, NEW YORK,**

**NEW YORK**

I, Wei Dong, declare and state as follows:

1.      I am now and have been the Chief Executive Officer of the Debtor in this case, Aeolus Down Inc. (hereinafter referred to as "ADI"). I make this declaration as a part of the Debtor's Motion Allowing Assumption of Commercial Real Property Leases for Business Premises Located at 13950 and 14050 Norton Avenue, Chino, California, and for Business Premises Located at 295 Fifth Avenue, New York, New York pursuant to 11 U.S.C. § 365 (d)(4)(B)(ii) (hereinafter referred to as the "Assumption Motion"). The matters set forth hereinbelow are made of my own personal knowledge or have been obtained from my personal and business books and records of ADI, which books and records are maintained in the ordinary course of the business affairs of ADI, from data collected by the Debtor and its staff and maintained under the supervision of me and my staff. For the purposes of this Assumption Motion, I have been designed as the custodian of records for the Debtor. If called to testify in this action as to the matters set forth in this Declaration, I could and would testify competently thereto.

2.      Aeolus Down Inc. (hereinafter referred to as "ADI" or the "Debtor") is a California corporation with its place of operations in the City of Chino.

3.      The Debtor is in the business of designing, and importing from abroad home textile products which are, in turn, sold to retail customers throughout the United States and abroad. The Debtor has been profitable for five of the past six years and is one of the premier wholesalers of home textile products in the Country. In 2008 the Debtor's gross sales exceeded $58 million. The Debtor is a viable company with

/ / /

11.

1 | substantial sales and committed vendors, salesmen, and retail customers.  But for the

2 | judgment collection actions of SCM, the Debtor would be extremely profitable.

3 |     4.  On June 8, 2009 (hereinafter referred to as the "Petition Date"), the Debtor

4 | filed its voluntary petition under chapter 11 of Title 11 of the United States Code.  Since

5 | the Petition Date the Debtor has operated its business as the Debtor-In-Possession

6 | under §§ 1107 and 1108 of the Bankruptcy Code.

7 |     5.  In order to operate its business the Debtor currently requires to keep its

8 | main business premises located 13950 and 14050 Norton Avenue, Chino, California

9 | through its pre-petition Lease for Commercial Real Property with Majestic Realty

10 | Corporation (hereinafter referred to as the "Majestic") and through the Debtor's pre-

11 | petition Sublease for Commercial Real Property with SABIC Innovative Plastics US LLC.

12 | (hereinafter referred to as the "Sabic").  The total property leased by the Debtor consists

13 | of 400,000 square feet of warehouse and office space.  Attached hereto collectively as

14 | Exhibit "1" are true and correct copies of the Industrial Lease and First and Second

15 | Amendments thereto between the Debtor and Majestic (hereinafter referred to

16 | collectively as the "Majestic Lease").  Attached hereto collectively as Exhibit "2" are true

17 | and correct copies of the Sublease Agreement between the Debtor and Sabic,

18 | Amendment, and Consents to same (hereinafter referred to as the "Sabic Sublease").

19 |     6.  The original term of the Majestic Lease was from March 15, 2004, through

20 | May 31, 2008, with no option to extend.  ADI then entered into a first Amendment to the

21 | lease on May 17, 2006, which provided for an option to extend until May 31, 2011.  On

22 | December 13, 2007, the Debtor entered into a second Amendment to the lease which

23 | acknowledged its exercise of the option to extend the lease and the consequent

24 | extension of the lease term until May 31, 2011.  The original term of the Sabic Sublease

25 | was from October 1, 2004 through May 31, 2008.  On June 20, 2006, the Debtor entered

26 | into an amendment to the Sabic Sublease and the term now runs through May 31, 2011,

27 | co-extensive with the term of the Majestic Lease.

28 |

12.

7.    The rent paid by the Debtor to Majestic is $56,533.53 per month due on the first (1st) of each month.  The rent paid by the Debtor to Sabic is $78,739.50 per month due on the first (1st of each month.).  The total rent per month for the 400,000 square foot Norton Avenue warehouse and office space is therefore $135,273.03.

8.    In addition, the Debtor requires for its operations a showroom located at 295 Fifth Avenue in, New York, New York which it leases from Grassi & Associates, Inc. (hereinafter referred to as "Grassi").  The Debtor uses the showroom to advertise and maintain its national presence for the wholesale marketing of home textile products. Attached hereto as Exhibit "3" and incorporated herein as if set forth in full is a true and correct copy of the Lease Agreement between Debtor and Grassi & Associates, Inc. (hereinafter referred to as the "Grassi Lease").

9.    The term of the Grassi Lease commenced on May 1, 2006 and ends on January 31, 2011.  The rent paid to Grassi is $9,000.00 per month.  The total space leased from Grassi is 3,500 square feet.

10.    The Majestic Lease, the Sabic Sublease, and the Grassi Lease locations are essential to the Debtor's continued operation of the business and will allow the Debtor to handle its busy season, as well as to solicit new customers, all of which generates customer orders, increases purchases, and increases account cash flow.  The Debtor is current on all of its lease obligations under the Majestic Lease, Sabic Sublease, and Grassi Lease.

11.    The Debtor settled its major disputes with Judgment Creditors Shaoxing City Maolong Wuzhung Down Products Co., Ltd. and Sui Yan Cheng (hereinafter collectively referred to as "SCM") at a Mediation held on February 22, 2010 which has removed virtually all impediments to the Debtor's ability to continue in business at its present locations and successfully exit Chapter 11, subject to this Court's approval.

12.    Pursuant to the Bankruptcy Code, the first deadline to assume or reject the Majestic Lease, Sabic Sublease, and Grassi Leases was October 6, 2009.  The Debtor

13.

1 requested an extension of such deadline on October 2, 2009 and the Court granted such

2 extension after hearing on November 12, 2009.  Pursuant to the Court's Order on

3 November 12, 2009, the Debtor had an extended deadline of January 4, 2010 to assume

4 or reject the Majestic Lease, Sabic Sublease, and Grassi Leases.

5        13.    On December 30, 2009, with support from the three lessors, the Debtor

6 requested from the Court and was granted a second extension of the deadline to assume

7 or reject.  Pursuant to the Court's Order entered on February 23, 2010, the Debtor has

8 been granted up to and including April 5, 2010 to file its Motion to Assume or Reject the

9 subject commercial real property leases.

10        14.    Here, the proposed assumption of the Majestic Lease, the Sabic Sublease,

11 and the Grassi Lease is a valid exercise of ADI's business judgment.

12        15.    No prior request for the relief sought in this Motion has been made to this or

13 any other Court.

14        I declare under penalty of perjury and the laws of the United States of America that

15 the foregoing is true and correct.

16        Executed this 1st day of April 2010, at Chino, California.

17                                    _____

18                                    WEI DONG

19

20

21 Mot2AssumeLeases.v2.wpd

22

23

24

25

26

27

28                                    14.