JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
HANNA B. RAANAN (SBN 261014)
hraanan@jhindslaw.com
LAW OFFICES OF JAMES ANDREW HINDS, JR.
21515 Hawthorne Blvd.
Suite 1150
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Aeolus Down, Inc., Debtor and Debtor-In-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO.: 2:10-bk-21665-RN |
| | (Chapter 11) |
| AEOLUS DOWN INC., | |
| Debtor. | **EXHIBIT (FULLY EXECUTED SETTLEMENT AGREEMENT) TO CONCURRENTLY UPLOADED ORDER APPROVING DEBTOR'S RULE 9019 MOTION** |
| | **[COURT MANUAL SECTIONS 4-2 (c) and 4-2 (g)(3)** |
| | **DATE:   May 26, 2010<br>TIME:    9:30 a.m.<br>PLACE: Courtroom # 1645** |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY
JUDGE AND TO ALL PARTIES IN INTEREST:**

/ / /

/ / /

1.

1  **PLEASE FIND ATTACHED HERETO** a true and correct copy of the fully executed

2  Settlement Agreement between the Debtor, Aeolus Down, Inc. (the "Debtor" or "ADI") and

3  its judgment creditors, Shaoxing City Madong Co., Ltd. and Shui Yan Cheng ("SCM"),

4  and its secured pre-and post-petition lenders, Zhejiang Hengdi Bedding Co., Ltd. and

5  Zhejiang LiuQiao Feather Co. Ltd. ("ZHBC")  approved by the Court at the hearing on the

6  Debtor's Rule 9019 Motion held on May 26, 2010 at 9:30 a.m. in Courtroom 1645.  This

7  Exhbit is being filed concurrently with the Debtor's uploaded Order approving the

8  Debtors's Rule 9019 Motion pursuant to the requirements of Court Manual Sections 4-2

9  (c) and 4-2(g)(3).

10

11  Dated: June 25, 2010            Respectfully submitted,

12                                 JAMES ANDREW HINDS, JR.
                                   PAUL R. SHANKMAN
13                                 HANNA B. RAANAN
                                   LAW OFFICES OF JAMES ANDREW HINDS, JR.

14

15

                                   By:   ___/s/ PAUL R. SHANKMAN____
16                                         PAUL R. SHANKMAN,
                                   Attorneys for Aeolus Down, Inc., Debtor and Debtor-In-
17                                 Possession

18

19

20

21

22

23

24

25

26

27

28

2.

---

EXHIBIT (FULLY EXECUTED SETTLEMENT AGREEMENT) TO  CONCURRENTLY UPLOADED ORDER APPROVING DEBTOR'S
RULE 9019 MOTION

# EXHIBIT (FULLY EXECUTED SETTLEMENT AGREEMENT) TO CONCURRENTLY UPLOADED ORDER APPROVING DEBTOR'S RULE 9019 MOTION

# [COURT MANUAL SECTIONS 4-2 (c) and 4-2 (g)(3)

JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
HANNA B. RAANAN (SBN 261014)
hraanan@jhindslaw.com
LAW OFFICES OF JAMES ANDREW HINDS, JR.
21515 Hawthorne Blvd.
Suite 1150
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Aeolus Down Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

|  |  |
|---|---|
| In re | ) CASE NO.  2:10-bk-21665 RN |
|  | ) |
|  | ) (Chapter 11) |
| AEOLUS DOWN INC., | ) |
|  | ) **[PROPOSED] ORDER APPROVING** |
|  | ) **MOTION FOR APPROVAL OF** |
|  | ) **SETTLEMENT AGREEMENT** |
| Debtor. | ) |
|  | ) DATE:      May 26, 2010 |
|  | ) TIME:      9:30 a.m. |
|  | ) PLACE:    CTRM # 1645 |

The  Motion for Approval of Settlement Agreement (hereinafter referred to as the

"Settlement Agreement") filed by Aeolus Down Inc., the Debtor and Debtor-In-Possession

(hereinafter referred to as the "Debtor") (and the related Settlement Motions filed by Debtors

Wei Dong and Wei Xu in their respective chapter 11 cases), each seeking approval of the

settlement by and between the Debtor, secured creditors Zhejiang Hengdi Bedding Co., Ltd.

and Zhejiang LiuQiao Feather Co. Ltd. (hereinafter collectively referred to as the "ZHBC"),

judgment creditors, Shaoxing City Maolong Wuzhong Down Products Co., Ltd., and Shui

000003

Yan Cheng (hereinafter referred to collectively as "SCM"), Wei Dong, and Wei Xu came on

regularly for hearing on May 18, 2010 and May 26, 2010.  The Debtor was represented by

James Andrew Hinds, Jr. of the Law Offices of James Andrew Hinds, Jr.; ZHBC was

represented by Joseph Wu of USAsia Law, Inc.; SCM was represented by Ian Landsberg

and Brigitte Gomelsky of Landsberg & Associates a Professional Law Corporation; Xu was

represented by Scott Clarkson of Clarkson, Marsella & Gore; no other appearances were

noted on the record.

The Court having reviewed the Settlement Motions and the Comments of SCM, the

Court having reviewed the executed Settlement Agreement (Exhibit "1" hereto), having

entered argument in support of the Settlement Agreement, it appearing that there is no

opposition to the entry of this Order Approving the Settlement between the parties, notice of

the hearing being sufficient under the facts and circumstance, and good cause appearing

therefor,

**IT IS HEREBY ORDERED** that the Settlement Agreement **APPROVED**, in full.

**IT IS HEREBY FURTHER ORDERED** that the Debtor is authorized, without further

Order of this Court, to make all payments to SCM required by the terms of the Settlement

Agreement.

**IT IS HEREBY FURTHER ORDERED** that the parties, and each of them, are

authorized execute all documents and agreements required to be executed in order to

effectuate the terms of the settlement between the parties.

**IT IS HEREBY FURTHER ORDERED** that this Court may, at the request of the Dong

and Xu Debtors, dismiss these chapter 11 cases (Wei Dong (Case No. 2:09-bk-24627-RN)

and Wei Xu (Case No. 2:09-bk-24637-RN)) consistent with the terms of the Settlement

Agreement.

1    **IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction to review

2    and consider any disputes between the parties (subject only to the reservation of right

3    grated to the Hon. Mitchel R. Goldberg (ret.)).

4

5

6

7

8

9                                        ###

10

11

12

13

14

15

16

17

18

19

20

21    DATED:

22                                                    _____

                                                      HONORABLE RICHARH M. NEITER
23                                                    United States Bankruptcy Judge

24

25

26

27

28

**000005**

# EXHIBIT "1"

# EXHIBIT "1"

000006

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into effective February 22, 2010, by and among: **(1)** the Debtor, Aeolus Down, Inc. (hereinafter referred to as the "Debtor" or "ADI"), the debtor-in-possession in Case No. 2:10-bk-21665 RN, previously assigned Case No. 6:09-bk-22497 RN; **(2)** judgment creditors, Shaoxing City Madong Co., Ltd. and Shui Yan Cheng (hereinafter referred to collectively as "SCM"), **(3)** secured pre-and post-petition lenders, Zhejiang Hengdi Bedding Co., Ltd. and Zhejiang LiuQiao Feather Co. Ltd. (hereinafter collectively referred to as the "ZHBC"); **(4)** Wei Dong and Yingzi Dong (collectively sometimes jointly referred to as "Dong"), the debtors-in-possession in Case No. 2:09-bk-21665 RN; and **(5)** Wei Xu and Le Du (collectively sometimes jointly referred to as "Xu"), the debtors-in-possession in Case No. 2:09-bk-24637 RN (collectively sometimes referred to as the "Parties"), directly, for and on behalf of their respective agents, servants, employees, owners, shareholders, officers, directors, partners, associates, attorneys, representatives, successors, assigns, heirs, spouses, agencies, firms, brokers, appraisers, associations, partnerships, limited liability companies, estates, and beneficiaries, and corporations, and each and all of them, as appropriate in context, and as to each party, by whatever other name such party may be known or may be conducting business, and is based upon the following Recitals.

## RECITALS

1.        In 2005, SCM instituted litigation against ADI, later adding Wei Xu and Wei Dong, individually as defendants, seeking his alleged interest in ADI pursuant to a June 2000-agreement to form ADI.  ADI was intended to engage in business in the consumer textiles/bedding industry, the manufacture of goods in China, and their import into the United States.  The Parties agreed to submit the disputes between them, which included counterclaims from Messrs. Xu, Dong, and ADI, to binding arbitration.

2.        On December 22, 2008, the Arbitrator issued his Final Ruling.  The Arbitrator's Final Ruling was confirmed by the Superior Court and memorialized in a Judgment dated March 27, 2009.  No appeal was taken by ADI, Dong, and Xu to the entry of the SCM Judgment.  Specifically, the SCM Judgment was issued in favor of SCM and against Xu, Dong, and ADI, jointly and severally, in the amount of $1,660,692, plus interest to be calculated at a

000007

rate of 10% per annum from February 24, 2009.  Judgment was also issued in Mr. Cheng's favor, and against Xu, Dong, and ADI, jointly and severally, in the amount of $3,688,921, plus interest to be calculated at a rate of 10% per annum from February 24, 2009.  Mr. Cheng was awarded a 34% ownership interest in ADI and a seat on ADI's Board of Directors.

3.     As part of the Final Award and the SCM Judgment the Arbitrator made a finding that there was no fraud on the part of either Mr. Xu or Mr. Dong in their dealings with Cheng and SCM.

4.     Prior to the Petition Date, ZHBC was, and is presently the Debtor's primary supplier of goods to ADI.  The secured debt owed to ZHBC as of the Petition Date was approximately $6.05 million.  ZHBC holds a perfected secured party lien against the Assets of the Debtor.

5.     ADI has on file a civil action Aeolus Down Inc., et al. v. Shui Yan Cheng, (Case No. RIRSV 903426).   An Answer has been filed in this action and SCM has denied any wrong doing.

6.     On June 8, 2009 (hereinafter referred to as the "Petition Date"), ADI filed its voluntary petition under Chapter 11 of Title 11 of the United States Code.  Since the Petition Date the Debtor has operated its business as the Debtor-In-Possession under §§ 1107 and 1108 of the Bankruptcy Code.

7.     On June 11, 2009, Wei and Yingzi Dong filed their voluntary petition under Chapter 11 of Title 11 of the United States Code.  Since the Petition Date the Dong Debtors have operated as the Debtors-In-Possession under §§ 1107 and 1108 of the Bankruptcy Code.  The Dong chapter 11 case bears Case No. 2:09-bk-24627 RN.

8.     On June 11, 2009, Wei Xu and Le Du filed their voluntary petition under Chapter 11 of Title 11 of the United States Code.  Since the Petition Date the Xu Debtors have operated as the Debtors-In-Possession under §§ 1107 and 1108 of the Bankruptcy Code.  The Xu chapter 11 case bears Case No. 2:09-bk-24637 RN.

9.     In the chapter 11 cases of Messrs. Xu and Dong, SCM filed adversary proceedings under 11 U.S.C. § 523 seeking Judgments that the conduct of Messrs. Xu and Dong since the entry of the Final Arbitration Award have resulted in harm to SCM's ability to collect its Judgment and the 34% ownership interest of Mr. Cheng.  Answers have been filed in these two adversary proceedings and Messrs. Dong and Xu have denied any wrong doing.

10.     On September 29, 2009, ADI filed its Complaint seeking relief against SCM **(1)** to

000008

Avoid, Recover, and Preserve Preferential Transfers and/or Unauthorized Post-Petition Transfers Pursuant to 11 U.S.C. §§ 547(b), 549 (a), 550 (a)(1), and 551; **(2)** to Avoid, Recover, and Preserve Security Interests Pursuant to 11 U.S.C. §§ 544 (a), 550 (a)(1), and 551; **(3)** for Turnover and Accounting of Estate Property Pursuant to 11 U.S.C. § 542 (a); and **(4)** to Disallow any claim by Defendants in the Estate Pursuant to 11 U.S.C. § 502(d) regarding SCM's pre-petition judgment liens and enforcement actions against ADI.  SCM has filed its Answer and denied all of the material allegations of the Complaint.

11.    On October of 2009, Dong and Xu each filed their Complaints seeking relief against SCM **(1)** to Avoid, Recover, and Preserve Preferential Transfers and/or Unauthorized Post-Petition Transfers Pursuant to 11 U.S.C. §§ 547(b), 549 (a), 550 (a)(1), and 551; **(2)** to Avoid, Recover, and Preserve Security Interests Pursuant to 11 U.S.C. §§ 544 (a), 550 (a)(1), and 551; **(3)** for Turnover and Accounting of Estate Property Pursuant to 11 U.S.C. § 542 (a); and **(4)** to Disallow any claim by Defendants in the Estates Pursuant to 11 U.S.C. § 502(d) regarding SCM's pre-petition judgment liens and enforcement actions against Dong and Xu. SCM has filed its Answers to the respective Complaint in the Dong and Xu matters and denied all of the material allegations of the Complaints.

12.    Post-petition the Debtor negotiated a Cash Collateral Agreement with ZHBC. Post-petition, the Debtor obtained an Order from the Bankruptcy Court allowing post-petition borrowing from ZHBC to meet its seasonable needs.  As of approximately March 23, 2010, ADI owes ZHBC $8.64 million for pre- and post-Petition borrowings.  As part of its financial dealings with ZHBC ADI has consented to the secured creditor status of ZHBC.

13.    The Parties now wish to resolve any and all disputes arising out of and related to **(1)** the June 2000-agreement to form ADI, **(2)** the Final Ruling and the SCM Judgment against ADI, Mr. and Mrs. Dong, and Mr. and Mrs. Xu, **(3)** the claims filed or held by SCM against ADI, Dong, and Xu, and **(4)** each of the matters and disputes and related in any way to the subject matter of the existing disputed between ADI, SCM, ZHBC, Dong, and Xu, and each of them, and the Parties prior dealings among themselves.

**NOW, THEREFORE**, in consideration of the foregoing premises, and the promises and agreements set forth, and for other good and valuable consideration, the receipt and

000009

sufficiency of which are hereby acknowledged, the Parties, and each of them, intending to be legally bound, agree as follows:

## SETTLEMENT AGREEMENT

### Nature of Settlement Agreement

This Settlement Agreement constitutes a fully-executed settlement instrument, accord and satisfaction, and a release and settlement of all claims on the terms and conditions recited by each of the Parties against the other arising from the disputes, including, without limitation, the controversies and allegations referenced in the Recitals, the state court actions, and/or the Adversary Proceedings and contested matters in each of the chapter 11 cases filed by ADI, Dong, and Xu.  All further rights and interests of the Parties will be governed by this Settlement Agreement.

### Terms of Settlement Agreement and Release

A.    Consideration

The Parties have agreed to the following consideration for settlement of any and all disputes arising out of and related to **(1)** the June 2000-agreement to form ADI, **(2)** the Final Ruling and SCM Judgment against ADI, Dong, and Xu, **(3)** the claims filed or held by SCM against ADI, Dong, and Xu, and **(4)** each of the matters and disputes and related in any way to the subject matter of the existing disputes between ADI, SCM, ZHBC, Dong, and Xu, and each of them, and the Parties prior dealings among themselves.

B.    Payment

1.    ADI agrees to pay either Shaoxing City Madong Co., Ltd. and/or Shui Yan Cheng the total sum of $3.750 million, which payment is to be made by ADI to SCM by September 10, 2010.  Of the total sum of $3.750 million, ADI shall pay $500,000 to either Shaoxing City Madong Co., Ltd. and/or Shui Yan Cheng within 30-days of the execution of the Term Sheet entered into between the parties at the mediation held on February 22, 2010 before the Hon. Mitchel R. Goldberg (ret.), or by March 23, 2010 (which payment was made on March 16, 2010); should the balance of the $3.250 million not be paid by ADI to either Shaoxing City Madong Co., Ltd. and/or Shui Yan Cheng by September 10, 2010, then the unpaid balance

000010

shall bear interest at the rate of 7.5% (simple interest per annum) from May 24, 2010 through September 10, 2010.   SCM shall retain the $500,000 payment made on March 16, 2010 and SCM shall also retain the right to continue with all of his/its rights and remedies reserved to him/it, including but not limited to resuming his/its filed or held claims and existing disputes, to their fullest extent, against ADI, Dong and Xu without any credit for the $500,000 so paid.  The entire balance of the total sum of $3.750 million is due and payable on or before September 10, 2010.

> 2.     Payment of Balance.  Payment shall be sent, via wire, as follows:
>
> Account Name:  Gerald V. Hollingsworth, Jr. Client Trust Account
>
> Bank:            Union Bank of California
>
>                     70 South Lake Avenue
>
>                     Pasadena, CA 91101
>
> Account No.:           5300130048
>
> Routing No.:     122000496

C.     Other Consideration

As allowed by paragraph B above, upon payment of the total sum of $3.750 million, the Parties shall dismiss, with prejudice, all of the pending litigation between them, including, but not limited to, <u>Aeolus Down Inc., et al. v. Shui Yan Cheng</u>, (Case No. RIRSV 903426), each of the pending adversary proceedings and contested matters between ADI, SCM, and Dong and Xu.

D.     Limited Release of Claims and Dismissals of Actions

> 1.     As allowed by paragraph B above, and paragraphs I and J below, upon payment of the total sum of $3.750 million, and with one exception as noted herein, ADI, SCM, Mr. and Mrs. Dong, Mr. and Mrs. Xu, and ZHBC, will release all claims, known and unknown, against one another, <u>provided, however</u>, that as between ZHBC and ADI, Dong and Xu, nothing in this Agreement shall be deemed to be a release or to be an accord and satisfaction of any of the obligations, if any, which existed as of the Petition Date and/or which have been created post-petition between ZHBC and ADI, Dong and Xu and/or which have been created as part of this Agreement;

000011

    2.    As allowed by paragraph B above, upon payment of the total sum of $3.750 million, Mr. Cheng will release and return to ADI his 34% ownership interest in ADI;

    3.    As allowed by paragraph B above, upon payment of the total sum of $3.750 million, SCM will record a satisfaction of the SCM Judgment as to ADI, Dong, and Xu; and

    4.    As allowed by paragraph B above, upon payment of the total sum of $3.750 million, Mr. Cheng will resign any positions with ADI as board member, director, or otherwise;

    5.    As allowed by paragraph B above, upon payment of the total sum of $3.750 million, SCM shall release any and all liens or claims recorded against the assets of ADI, Dong, and/or Xu;

    6.    As allowed by paragraph B above, upon payment of the total sum of $3.750 million SCM shall take no action to impede or affect the further administration of the chapter 11 cases filed by ADI, Dong, and Xu;

    7.    SCM expressly reserves the right to assert claims against Scott Keehn and Keehn & Associates, A Professional Corporation, if any, and no such claims are released by SCM; and

    8.    ADI, Dong and Xu shall dismiss with prejudice any and all actions, lawsuits, state, federal or otherwise against SCM and Cheng.

    E.    <u>Attorneys' Fees and Costs</u>

The Parties, and each if them, shall each bear their own respective attorneys' fees and costs incurred regarding the subject matter of this proposed settlement and in conjunction with the Arbitration Award, the SCM Judgment, the ADI chapter 11 case, the Dong chapter 11 case, and the Xu chapter 11 cases.

    F.    <u>Bankruptcy Court Approvals in the ADI, Dong and Xu Cases</u>

This Settlement Agreement is subject to Bankruptcy Court approval in the matter of the chapter 11 Bankruptcy Cases filed by ADI, Dong, and Xu.  ADI, Dong, and Xu shall use their best efforts to obtain approval of the terms of this Settlement Agreement prior to September 10, 2010.

000012

G.    Nondisparagement

The Parties, and each of them, further covenant and agree to not disparage, criticize or adversely comment upon each other, and to make no negative or critical statements about any Party to this Settlement Agreement, the prior, existing or prospective business or activities of any Party to this Settlement Agreement, the Debtor and its business activities to any third-party(s).  No aspect of this provision shall preclude or is intended to preclude any Party from complying with any legal process or lawful requirement for disclosure.

H.    Representations and Warranties

1.    The Parties, and each of them, warrant that they have not assigned, conveyed, or transferred, or purported to assign, convey, or transfer to any person, firm, or corporation, either voluntarily or involuntarily, any claim, cause of action, or right based on, or arising out of, or in connection with any matter, fact, or anything described or referred to in the Recitals of this Settlement Agreement or the subject matter hereof.  To the extent any Party has assigned or transferred any claim, cause of action, or right based on or arising out of these matters, whether voluntarily or involuntarily, or otherwise breached this warranty, said Party agrees to defend, indemnify, and hold harmless each other non-breaching Party and their respective successors, assigns, representatives, trustees, directors, officers, spouses, agencies, shareholders, beneficiaries, agents, employees, insurers, receivers, attorneys, and each of them, from and against any claim, demand, debt, liability, account, obligation, cost, damage, expense, lien, action, or cause of action (including payment of legal fees and costs) based on or arising out of, or in connection with, any such transfer, conveyance, or assignment, or the purported or claimed transfer, conveyance, or assignment.

2.    The Parties, and each of them, further represents and warrants to the other Parties that, with the exception of the requirement that ADI, Dong, and Xu each obtain Orders from the United States Bankruptcy Court in their respective chapter 11 cases affirming the terms of this Settlement Agreement, **(i)** such Party is an adult individual or corporation in good standing with full power and capacity to enter into, execute, and perform this Settlement Agreement in accordance with its terms; and **(ii)** as to each Party, the execution and delivery of this Settlement Agreement by such Party shall create a valid agreement by such Party, enforceable against such Party in accordance with its terms, and no Party has any knowledge of any fact, circumstance, condition, agreement or other factor which would render such Party

000013

unable to perform this Settlement Agreement or to perform this Settlement Agreement in the
manner required of such Party hereunder, or otherwise has any reason to believe that this
Settlement Agreement cannot or will not be fully-performed by such Party in accordance with
its terms.

I.      Release of Claims

Subject to full execution of this Settlement Agreement and Bankruptcy Court approval of
the terms hereof in the ADI, Dong, and Xu chapter 11 cases, and except for the Parties'
performance obligations recited in this Settlement Agreement, and the carve outs set forth
hereinbelow, the Parties, and each of them, hereby release and discharge each other Party
and their respective agents, servants, employees, owners, shareholders, officers, directors,
partners, associates, attorneys, representatives, assigns, heirs, spouses, agencies, firms,
brokers, appraisers, associations, partnerships and affiliated or related corporations, and each
and all of them, of and from any and all obligations, liability, guarantees, actions, causes of
action, damages, judgments, executions, debts, costs, expenses, attorneys' fees, taxes, liens,
notes, securities, stocks, bonds, investments, claims, and demands whatsoever under the laws
of the State of California, and of any other State of the United States and/or the United States
of America and the laws of any other nation, country, territory or jurisdiction, including but not
limited to those claims for, from, upon, under, on account of, related to the acts, transactions,
and occurrences referenced in the Recitals.

J.      Section 1542 Waivers and Carve-outs

1.      It is further understood and agreed that the Parties specifically and
expressly waive any and all rights under Section 1542 of the California Civil Code, or any
analogous (in whole or in part) federal, state or municipal law, rule, regulation or ordinance.
Section 1542 provides as follows:

[Certain Claims Not Affected By General Release.]
"A general release does not extend to claims which the creditor does not know or
suspect to exist in his or her favor at the time of executing the Release, which if known
by him or her, must have materially affected his or her settlement with the debtor."

000014

Notwithstanding the provisions of Section 1542 and any similar laws, and for the purpose of implementing a full and complete release and discharge of all claims relating to the Subject Action, the Parties expressly acknowledge that this Settlement Agreement is intended to include in its effect all of the claims by and against the Parties and their agents, employees, attorneys and accountants, whether or not known or suspected to exist at the time of execution hereof and that this Settlement Agreement contemplates the extinguishment of all such claims.

2.      SCM expressly reserves the right to assert claims against Scott Keehn and Keehn & Associates, A Professional Corporation, if any, and no such claims are released by SCM.

3.      As between ZHBC and ADI, Dong and Xu, nothing in this Agreement shall be deemed to be a release or to be an accord and satisfaction of any of the obligations, if any, which existed as of the Petition Date and/or which have been created post-petition between ZHBC and ADI, Dong and Xu and/or which have been created as part of this Agreement.


K.    No Admissions

By the execution of this Settlement Agreement the Parties, and each of them, make no admission of any fact or issue by entering into this Settlement Agreement.  By entering into this Settlement Agreement, none of the Parties intends to make, nor shall be deemed to have made, any admission of any kind.  The Parties agree that they are entering into this Settlement Agreement solely for the purposes of avoiding the costs of further litigation with respect to these disputes.  This Settlement Agreement is the product of informed negotiations and compromises.  Nothing contained in this Settlement Agreement shall be construed as an admission by any Party as to the merit or lack of merit of any particular claim or issue.


L.    Binding on Successors and Assigns

This Settlement Agreement once approved by the United States Bankruptcy Court shall be binding on the Parties and their successors and assigns, and successors-in-interest, and inure to the benefit of the Parties and their successors and assigns and successors-in-interest.


K.    Entire Agreement

The Parties acknowledge and agree that they have been given the opportunity to independently review this Settlement Agreement with legal counsel prior to acceptance and

000015

agreement to the particular language and provisions.  In the event of an ambiguity in, or
dispute regarding the interpretation of same, the interpretation of this Settlement Agreement
shall not be resolved by any rule of interpretation providing for interpretation against the Party
who causes the uncertainty to exist or against the drafter.  This Settlement Agreement
contains the entire agreement between the Parties hereto.  The terms of this Settlement
Agreement are contractual in nature and not a mere recital.

L.    Failure to Approve Settlement Agreement

If for any reason the Bankruptcy Court does not approve this Settlement Agreement
and enter an Order approving this Settlement Agreement in the matter of the chapter 11
Bankruptcy Cases filed by ADI, Dong, and Xu, the Settlement Agreement shall be null and
void, and none of the Parties hereto shall in any way be construed to have prejudiced, waived
or withdrawn or adversely affected any of their respective rights, claims, defenses or positions
regarding the disputes, claims and controversies which they have attempted to compromise by
this Settlement Agreement, and nothing contained herein shall be deemed to be an admission
of any liability by any of the Parties.  SCM shall retain the $500,000 paid by ADI and shall also
retain the right to continue with all of his/its rights and remedies reserved to him/it, including
but not limited to resuming his/its filed or held claims and existing disputes against ADI, Dong
and Xu without any credit for the $500,000 so paid.

M.    Effectiveness of Release by SCM/Cheng.

This Agreement shall become effective upon entry of an Order approving this
Agreement; provided, however, that if the payment of money, transfer of property (including
any transfer in whole or in partial satisfaction of indebtedness), or any of the obligations of ADI,
Dong and/or Xu under this Agreement should for any reason subsequently be alleged or found
to be "fraudulent" or otherwise avoidable or voidable within the meaning of any state or federal
law relating to fraudulent transfers or conveyances, or are alleged or found to be preferential or
otherwise voidable or recoverable, in whole or in part for any reason, under Title 11 of the
United States Code or any other federal or state law (individually or collectively herein referred
to as a "Voidable Transfer"), and SCM/Cheng is required to transfer any of the rights granted
to it under this Agreement or to pay or restore the amount of any such Voidable Transfer, or
any portion thereof, then, and in any such case, the liability and obligations of ADI, Dong

Page 10 of 16

000016

and/or Xu to SCM/Cheng, if any (including without limitation, all attorneys' fees and related
expenses which may be incurred in connection with any action or response of SCM/Cheng,
including, but not limited to, any repayment by way of settlement of any claim of Voidable
Transfer), and the rights of SCM/Cheng in all such claims and causes of action against ADI,
Dong and/or Xu, shall automatically be revived, reinstated, and restored to the original sums
sought by SCM/Cheng, and shall continue to exist as though such Voidable Transfer had not
been made and notwithstanding any release given by SCM/Cheng under this Agreement.

N.   Prohibition against Refiling.

In the event of dismissal of the bankruptcy proceedings of ADI, Dong and/or Xu, these
Debtors are barred from filing another bankruptcy proceeding or assignment for benefit of
creditors for 120-days from the date of dismissal.

O.   Choice of Law and Forum

This Settlement Agreement shall be governed by and construed in accordance with the
internal laws of the State of California applicable to the performance and enforcement of
contracts made within such state, without giving effect to the law of conflicts of laws applied
thereby.  In the event that any dispute shall occur between the Parties arising out of or
resulting from the construction, interpretation, enforcement or any other aspect of this
Settlement Agreement, the Parties hereby agree to accept the exclusive jurisdiction of the
JAMS Los Angeles County office for binding determinations and, if necessary in his discretion,
formal Arbitration.  In the event either Party shall be forced to bring any legal action to protect
or defend its rights under this Settlement Agreement, then the prevailing Party in such
proceeding shall be entitled to reimbursement from the non-prevailing Party of all fees, costs
and other expenses (including, without limitation, the reasonable expenses of its attorneys) in
bringing or defending against such action.

P.   Notices

All notices required under this Settlement Agreement shall be deemed effective if
served by telecopier and email or, in the option of the sender, by Federal Express or other
overnight delivery system or messenger, and shall be forwarded to the Parties as follows:

000017

1.    If to ADI:
Wei Xu, President
Aeolus Down, Inc.
14050 Norton Ave.
Chino, CA  1710-5461
Fax: (909) 465-6018

    With a concurrent copy to:
The Law Offices of James Andrew Hinds, Jr.
21515 Hawthorne Blvd.
Suite 1150
Torrance, CA 90503
Fax: (310) 792-5977

2.    If to SCM:
Shaoxing City Mailong Wuzhong Products Co., Ltd.
Shaixing County
Zhejiang, China 312069
Fax:

    With a concurrent copy to:
Landsberg & Associates, A Professional Corporation
16030 Ventura Blvd.
Suite 470
Encino, CA 91436-2731
Fax: (818) 705-3777

3.    If to ZHBC:
Zhejuang LiuQioa Feather Co. Ltd. or
Zhejiang Hengdi Bedding Co., Ltd.
851 Datong Road
Xiaoshan District
Zhejiang, China 311201
Fax: 011-86-571-82779777

    With a concurrent copy to:
USAsia Law, Inc.
5670 La Jolla Blvd.
La Jolla, CA 92037
Fax: (858) 454-4314

4.    If to Dong:
Wei Dong
Aeolus Down, Inc.
14050 Norton Ave
Chino, CA,
91710-5461

000018

Fax: (909) 465-6018

    With a concurrent copy to:
Law Offices of Stephen F. Biegenzahn
611 W 6th St., Ste. 850
Los Angeles, CA 90017
Fax: (213) (480) 247-5977

5.    If to Xu:
Wei Xu
Aeolus Down, Inc.
14050 Norton Ave
Chino, CA,
91710-5461
Fax: (909) 465-6018

    With a concurrent copy to:
Clarkson Gore & Marsella
3424 Carson St #350
Torrance, CA 90503
Fax: (310) 214-7254

Q.    <u>Counterparts</u>

This Settlement Agreement may be executed in counterparts, including facsimile counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

R.    <u>Review and Agreement</u>

In signing below, the Parties, directly or through their authorized representatives, confirm reviewing, understanding and voluntarily and freely entering into this Settlement Agreement, and agreeing to honor and perform all terms recited.

S.    <u>Titles and Captions</u>

Paragraph titles and captions contained in this Settlement Agreement are inserted only as a matter of convenience and for reference and in no way define, limit, extend or describe the scope of this Settlement Agreement or the intent of any provision.

T.    <u>Related Documents</u>

The Parties, and each of them, authorize, entrust, and direct their attorneys of record (if

000019

applicable) or local agents to execute all documents necessary and to take all actions
necessary to accomplish and carry out the terms of this Settlement Agreement, and the Parties
agree to execute all documents reasonably requested in order to effectuate the terms of this
Settlement Agreement.

U.      Code of Civil Procedure Section 664.6

The Parties agree that this Settlement Agreement is enforceable under Section 664.6
of the California Code of Civil Procedure and for purposes of enforcement of the terms of this
Settlement Agreement the United States Bankruptcy Court for the Central District of California,
Los Angeles Division, the Hon. Richard M. Neiter, Judge, shall have exclusive jurisdiction of
the Parties.

V.      Waiver, Modification, and Amendment

No provisions of this Settlement Agreement may be waived unless in writing and
signed by all Parties.  Waiver of any one provision shall not be deemed to be a waiver of any
other provision.  This Settlement Agreement may be modified or amended only by a later
writing signed by all of the Parties.

W.      Terms Mutually Independent

Each provision of this Settlement Agreement is independent of each other provision,
except that the releases reflected in this Settlement Agreement shall only be effective upon full
performance as to the recited consideration as set forth in paragraph B hereof.

X.      Reservation of Rights With Mitch R. Goldberg, (ret.)

The Parties expressly reserve the jurisdiction of the Mitchel R. Goldberg, United States
Bankruptcy Judge (retired) to determine any tax issues and the interpretation and enforcement
of this Settlement Agreement.

Z.      Construction of Agreement

This Settlement Agreement is the product of mutual negotiation, contribution, and
drafting of the parties and their attorneys, and the fact that one Party or the other, or its

000020

attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

**IN WITNESS WHEREOF**, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

Aeolus Down, Inc.

By: _____
Wei Xu, President
DATED: May _, 2010

Shaoxing City Madong Co., Ltd.

By: _____
Shui Yan Cheng
Print Title: _____
DATED: May _, 2010

_____
    Shui Yan Cheng
DATED: May _, 2010

Zhejiang Hengdi Bedding Co., Ltd.

By: _____
    Xiao Ming Fan
    Vice President
DATED: May _, 2010

Zhejiang LiuQiao Feather Co. Ltd.

By: _____
    Xiao Ming Fan
    Vice President
DATED: May _, 2010

[Signatures continued on next page]

000021

[Signatures continued from prior page]

_____
Wei Dong
DATED: May _, 2010


_____
Yingzi Yan
DATED: May _, 2010


_____
Wei Xu
DATED: May _, 2010


_____
Le Du
DATED: May _, 2010

000022

attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

**IN WITNESS WHEREOF**, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

Aeolus Down, Inc.

By: _____
Wei Xu, President
DATED: May 25, 2010

Shaoxing City Madong Co., Ltd.

By: _____
Shui Yan Cheng
Print Title: _____
DATED: May _, 2010


_____
Shui Yan Cheng
DATED: May _, 2010

Zhejiang Hengdi Bedding Co., Ltd.

By: _____
Xiao Ming Fan
Vice President
DATED: May _, 2010


**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**


**[SIGNATURES CONTINUED FROM PREVIOUS PAGE]**


Page 16 of 17

000023

Zhejiang LiuQiao Feather Co. Ltd.

By: _____
    Xiao Ming Fan
    Vice President
DATED: May _, 2010


_____
Wei Dong
DATED: May 25, 2010

_____
Yingzi Van
DATED: May 25, 2010

_____
Wei Xu
DATED: May 25, 2010

_____
Le Du
DATED: May 25, 2010

000024

attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

Aeolus Down, Inc.

By: _____
Wei Xu, President
DATED: May _, 2010

Shaoxing City Madang Co., Ltd.

By: _____
Shui Yan Cheng
Print Title: _____
DATED: May 25, 2010

_____
    Shui Yan Cheng
DATED: May 25, 2010

Zhejiang Hengdi Bedding Co., Ltd.

By: _____
    Xiao Ming Fan
    Vice President
DATED: May _, 2010

**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**

**[SIGNATURES CONTINUED FROM PREVIOUS PAGE]**

Page 16 of 17

000025

attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

**IN WITNESS WHEREOF**, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

Aeolus Down, Inc

By: _____
Wei Xu, President
DATED: May _, 2010

Shaoxing City Madong Co., Ltd.

By: _____
Shui Yan Cheng
Print Title: _____
DATED: May _, 2010

_____
Shui Yan Cheng
DATED: May _, 2010

Zhejiang Hengdi Bedding Co., Ltd.

By: _____
Xiao Ming Fan
Vice President
DATED: May 26 2010

**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**

**[SIGNATURES CONTINUED FROM PREVIOUS PAGE]**

Page 16 of 17

| In re:<br>   AEOLUS DOWN INC., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-bk-21665-RN |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: LAW OFFICES OF JAMES ANDREW HINDS, JR., 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503.

The foregoing document described  as:  **EXHIBIT (FULLY EXECUTED SETTLEMENT AGREEMENT) TO  CONCURRENTLY UPLOADED ORDER APPROVING DEBTOR'S RULE 9019 MOTION**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 25, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Scott C Clarkson sclarkson@lawcgm.com
- Christine M Fitzgerald cfitzgerald@lawcgm.com
- James Andrew Hinds jhinds@jhindslaw.com
- Gary Hollingsworth gvhollingsworth@sbcglobal.net
- Scott L Keehn scottk@keehnlaw.com,
  scottk@keehnlaw.com;cynthial@keehnlaw.com;lesliek@keehnlaw.com;lisak@keehnlaw.com;corrinen@keehnlaw.com
- Ian Landsberg ilandsberg@lm-lawyers.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
- Misty A Perry Isaacson misty.isaacson@usdoj.gov
- Hanna B Raanan hbraanan@gmail.com
- David Reimann dreimann@reimannlawgroup.com
- Paul R Shankman pshankman@jhindslaw.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Joseph S Wu jwu@usasialaw.com

☐   Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On June 25, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

X   Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 25, 2010 | RODABA S. FARID | /s/ Rodaba S. Farid |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>  AEOLUS DOWN INC., | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER  2:10-bk-21665-RN |

**Via Federal Express:**

Law Clerk for the Hon. Richard Neiter
United States Bankruptcy Judge
255 East Temple Street, 16th Floor, Room 1652
Los Angeles CA 90012

Via First Class Mail

Aeolus Down, Inc.
Attention: Wei Xu, President
14050 Norton Ave.
Chino, CA, 91710-5461

Change & Cote, LLP
19138 Walnut Drive, Suite 100
Rowland Heights, CA 91748

Dennis M. Murphy, CPA
630 N. Rosemead Blvd., #100
Pasadena, CA 91107

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.